**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No:

Patrick Harbron,

        Plaintiff,

        v.

Hdnet LLC d/b/a AXS TV,              JURY TRIAL DEMANDED

        Defendant.

---

**COMPLAINT**

---

Plaintiff Patrick Harbron ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Hdnet LLC d/b/a AXS TV ("*Defendant*") states and alleges as follows:

**<u>INTRODUCTION</u>**

1.     This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2.     Plaintiff is an award-winning photographer famous for his iconic 1970s and 1980s rock and roll concert photography and his extensive subsequent work as a unit still photographer for major television networks and film studios. His work evolved from raw live music reportage into high-end advertising, editorial portraiture, and commercial entertainment media.  Plaintiff is widely known for documenting The Who's final performance with Keith Moon, and this work earned him two JUNO Award nominations and is featured in Taschen's 1000 Record Covers.

3.     Plaintiff has developed a reputation not only in the music and film industry, but now as a prominent commercial and editorial photographer and has worked with top-

1

tier brands like Apple and IBM, with his work appearing in Rolling Stone, Time, and Forbes. Through substantial investment of time, skill, creativity, training, equipment, and expense, Plaintiff has built a valuable portfolio of original photographic works that are routinely licensed for authorized commercial, promotional, editorial, and advertising uses.

4.      Plaintiff derives income from the licensing and authorized use of his copyrighted photographic works and maintains exclusive rights under the Copyright Act to reproduce, distribute, publicly display, and otherwise exploit those works. Plaintiff actively licenses his photographs to third parties and relies upon licensing revenue as an important component of his photography business.

5.      Plaintiff created a photograph of English rock musician Pete Townsend playing an acoustic guitar (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

6.      Defendant is a leading television, streaming, digital television network that focuses primarily on music entertainment, pop culture and combat sports. It launched in 2001 and also hosts live music events, lifestyle programming, and an original lineup of series showcasing music legends and emerging artists. With exclusive concerts, in-depth interviews, and a slate of acclaimed documentaries, Defendant connects audiences with the artists and is available on television in all 50 states and across Canada, parts of the Caribbean, and streaming through its FAST (free-ad-supported-streaming television) channel and has a vast reach on YouTube, Facebook, Instagram, X and TikTok.

7.      Upon information and belief, Defendant uses professional photography, design photography, project imagery, and other visual content to market and promote its business, articles, news reports, products, subscriptions and commercial services.

8.      Upon information and belief, Defendant derives commercial benefit from displaying photographs of famous artists, musicians and bands in connection with the promotion of its business.

9.      Upon information and belief, Defendant uses a website and social media

platforms to market and promote its business, products, services, employees, and corporate brand. Specifically, Defendant owns, operates, controls, maintains, and/or is responsible for content published through its Accounts, set forth below.

10.    Defendant owns and operates a social media account on Facebook known as AXS TV ("*Account 1*").

11.    Defendant owns and operates a social media account on Instagram known as axstv ("*Account 2*").

12.    Defendant owns and operates a social media account on X known as AXS TV ("*Account 3*"). (Hereinafter the social media platforms set forth above are collectively referred to as the *"Accounts"*).

13.    Upon information and belief, the Accounts are used by Defendant in connection with its commercial operations and serve as official channels through which Defendant communicates with customers, prospective customers, employees, industry participants, and the general public. Defendant publishes and disseminates content relating to its news reports, projects, corporate activities, and promotional initiatives through the Accounts.

14.    Upon information and belief, all content appearing on the Accounts, including photographs and other visual materials displayed thereon, is posted, published, authorized, approved, controlled, and/or distributed by Defendant or by persons acting on Defendant's behalf and within the scope of their authority.

15.    Upon information and belief, Defendant owns, operates, manages, maintains, and controls the Accounts and exercises editorial, managerial, operational, and financial control over the content appearing thereon.

16.    Upon information and belief, the Accounts serve as a commercial marketing platform through which Defendant promotes its news reports, products, services, projects, brand identity, and related commercial activities.

17.    At all relevant times, content published, reproduced, distributed, displayed,

and otherwise made available through the Accounts were subject to Defendant's direction and control, including the infringing content alleged herein.

18.    Defendant, without permission or authorization, reproduced and publicly displayed the Photograph on its Accounts in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

19.    Plaintiff is a citizen of the State of New York and maintains a principal place of business in Columbia County, New York.

20.    Defendant is a Delaware limited liability company with a principal place of business at 8269 East 23rd Avenue, Bldg 130, Denver in Denver County, Colorado.

## JURISDICTION AND VENUE

21.    This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

22.    This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Colorado.

23.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) because Defendant, regularly conducts business in this Judicial District, and a substantial part of the events and omissions giving rise to the claims occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A.    **Plaintiff's Copyright Ownership**

24.    Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

25.    Plaintiff has invested substantial time, skill, effort, and expense to developing his photography business and creating a portfolio of original photographs.

26.    Plaintiff's photographs are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third

4

parties for authorized use in both digital and print media.

27.    Plaintiff is the author and copyright owner of numerous original photographic works protected under the Copyright Act, including the photographs that are the subject of this action.

28.    Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit his copyrighted photographs.

29.    Plaintiff derives income from the licensing and authorized use of his copyrighted works and maintains exclusive rights in the works he creates pursuant to the Copyright Act.

30.    Plaintiff relies upon licensing revenue derived from the authorized use of his photographs and actively protects his copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of his copyrighted works, and interferes with the market for authorized licenses.

31.    Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

32.    Plaintiff regularly licenses Plaintiff's photographs to media outlets, brands, and commercial entities for a fee.

33.    Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

34.    On April 16, 2010, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

35.    In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of

5

the work.

36.     On April 24, 2012, the Photograph was registered by the USCO under Registration No. VA 1-819-215.

37.     Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.     Defendant's Infringing Activity**

38.     Defendant is the registered owner of the Accounts.

39.     Defendant is the operator of the Accounts.

40.     Defendant is responsible for the Accounts' content.

41.     The Accounts are part of and used to advance Defendant's commercial enterprise.

42.     Upon information and belief, the Accounts form part of Defendant's commercial enterprise and are used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

43.     Upon information and belief, Defendant is a sophisticated media company operating in an industry in which the use of professional photography and copyrighted content is prevalent.

44.     Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright, including because the Photograph was of professional quality and distributed through commercial channels. Despite this, Defendant used the Photograph without seeking permission or obtaining a license.

45.     Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with industry practices requiring that photographs used in commercial content, advertising, marketing materials, publications, and social-media posts be properly licensed.

46.     Upon information and belief, Defendant failed to implement and/or

6

adequately enforce procedures designed to verify copyright ownership before publishing third-party photographs through the Accounts.

47.    Upon information and belief, Defendant is a sophisticated commercial enterprise that regularly utilizes professional photography and visual content in connection with the promotion of its news reports, subscriptions, products, services, and related commercial activities.

48.    On or about April 10, 2025, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on Account 1 as part of an on-line post at URL: https://www.facebook.com/photo.php?fbid=1054885410006152&set=a.587772863384078&type=3&rdid=KlbsFeQLpklvGg6t&share_url=https%3A%2F%2Fwww.facebook.com%2Fshare%2F1FMupu2B7k%2F# ("*Infringement 1*"). A copy of a screengrab depicting Infringement 1 is attached hereto as Exhibit 2.

49.    The Photograph was willfully and volitionally reproduced and stored by Defendant at URL: https://scontent-atl3-3.xx.fbcdn.net/v/t39.30808-6/489820076_1054775403350486_2749657327958144961_n.jpg?stp=cp6_dst-jpg_tt6&_nc_cat=1&ccb=1-7&_nc_sid=127cfc&_nc_ohc=xtWKlUA1-IUQ7kNvwEofs27&_nc_oc=AdnqemOK7kdlCtQP1FWPYL07CEJTwPpyZ_cuRjoqDgZcZLtvaEkv_ZZaKJIrkVNOB5AyTNA_SvWEzShqFQlsrIQ7&_nc_zt=23&_nc_ht=scontent-atl3-3.xx&_nc_gid=jLaqFmYZiNgeFWWBQi0_Mg&oh=00_AfGG4RtD3yTXCOorZYspCwzRkDlVVtzmlC2L7V4tGw0-Ew&oe=67FEF714.

50.    On or about April 10, 2025, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on Account 2 as part of an on-line post at URL: https://www.instagram.com/p/DISQ7xgslUH/?hl=en ("*Infringement 2*"). A copy of a screengrab depicting Infringement 2 is attached hereto as Exhibit 2.

51.    On or about April 10, 2025, without permission or authorization from

7

Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on Account 3 as part of an on-line post at URL: https://x.com/AXSTV/status/1910426717388161449/photo/1 ("*Infringement 3*"). A copy of a screengrab depicting Infringement 3 is attached hereto as Exhibit 2.

52. Plaintiff first observed the Infringement 3 on September 30, 2025. (Hereinafter the unauthorized uses set forth above are referred to as the "*Infringements*").

53. The Infringements are copies or substantially similar copies of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

54. Defendant exercised control over the content published on its Accounts and was responsible for selecting, uploading, publishing, displaying, and distributing the Photograph.

55. Defendant used the Photograph in furtherance of its commercial interests and derived financial benefit from increased audience engagement, brand promotion, customer acquisition, subscription growth, advertising revenue, and business-development opportunities.

56. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

57. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Accounts, including Plaintiff's Photograph.

58. Upon information and belief, Defendant selected and displayed the Photograph because of its visual appeal, historical significance, celebrity subject matter, and ability to attract audience attention and engagement.

59. Upon information and belief, the Photograph was incorporated into content

8

curated and published by Defendant to increase audience engagement, enhance the visibility of Defendant's brand, promote Defendant's music-related media content, and strengthen Defendant's association with notable musicians and artists.

60. Upon information and belief, Defendant derived commercial value from its association with the musician depicted in the Photograph and from the resulting audience engagement generated by the Infringements.

61. Upon information and belief, Defendant continued to publicly display the Photograph on Account 1, Account 2, and Account 3 after receiving Plaintiff's notices concerning the Infringements.

62. Defendant exercised control over the content published on its Accounts and was responsible for selecting, uploading, and displaying the Photograph.

63. Defendant used the Photograph in furtherance of its commercial interests and derived financial benefit from increased audience engagement, brand promotion, customer acquisition, subscription growth, advertising revenue, and business-development opportunities.

64. Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Accounts by, inter alia, utilizing employees, agents, contractors, administrators, editors, moderators, social media managers, and other representatives acting on its behalf (collectively, the "*Representatives*").

65. Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Accounts on Defendant's behalf.

66. Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photograph.

9

67.    Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Accounts, including the content containing Plaintiff's Photograph.

68.    Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Accounts. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringements.

69.    Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Accounts and exercised such control through its Representatives acting within the course and scope of their authority.

70.    Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

71.    Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

72.    Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

73.    Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Accounts.

74.    Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Accounts and exercised and/or had the right and ability to exercise such right.

75.    Upon information and belief, Defendant has received a financial benefit

directly attributable to the Infringements.

76.     Upon information and belief, the Infringements increased engagement with the Accounts and generated additional audience traffic, brand visibility, customer interest, promotional value, and commercial value for Defendant.

77.     Upon information and belief, Defendant distributed the Infringements to a broad audience through the Accounts and derived commercial value from the resulting audience engagement, promotional exposure, brand visibility, customer interaction, subscription growth, and business-development opportunities.

78.     Defendant's use of the Photograph harmed the actual market for the Photograph.

79.     Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

80.     Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license his work to other commercial entities.

81.     On or about May 13, 2025, Plaintiff, through counsel, sent an audit letter notifying Defendant of the infringing activity described herein and demanding that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

82.     Thereafter, on or about June 12, 2025, Plaintiff, through counsel, sent a follow-up audit letter seeking to resolve the dispute without litigation and affording Defendant an additional opportunity to address Plaintiff's claims.

83.     Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff's claims.

84.     Upon information and belief, Infringement 1, Infringement 2, and Infringement 3 remained publicly accessible through the Accounts after Defendant

11

received Plaintiff's notices concerning the Infringements.

85.     Despite receiving notice of Plaintiff's claims, Defendant continued to reproduce, display, distribute, and otherwise exploit the Photograph through the Accounts. Such post-notice conduct evidences Defendant's knowledge of Plaintiff's rights and supports a finding that Defendant's infringement was knowing, intentional, and willful.

86.     The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

87.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST CAUSE OF ACTION
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

88.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

89.     The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

90.     The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

91.     Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

92.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

93.     Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

12

94.    Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

95.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

96.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

97.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
### (Vicarious Copyright Infringement)

98.    Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

99.    Upon information and belief, at all material times hereto, Defendant possessed and exercised the right and ability to supervise, control, approve, review, modify, remove, and otherwise regulate the conduct of its Representatives with respect to content appearing on the Accounts.

100.    As a direct and proximate result of such conduct, Defendant derived a direct financial benefit from and materially benefited from the Infringements.

101.    Defendant enjoyed a direct financial benefit from the Infringements,

13

including commercial value derived from increased audience engagement, promotional exposure, brand visibility, customer acquisition, subscription growth, and related business-development opportunities.

102.    Upon information and belief, Defendant enjoyed a direct financial benefit from using the appeal or "draw" of Plaintiff's Photograph to increase user traffic to the Accounts, thereby increasing advertising revenue.

103.    Defendant is liable as a vicarious infringer because it possessed the right and ability to supervise, control, and prevent the Infringement, derived a direct financial benefit from the Infringement, and failed to prevent or stop the Infringement.

104.    Upon information and belief, Defendant willfully vicariously infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

105.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

106.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

107.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. § 502.

## JURY DEMAND

108.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of

14

17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e.    for pre-judgment interest as permitted by law; and

    f.    for any other relief the Court deems just and proper.

DATED: August 11, 2026

**SANDERS LAW GROUP**

By: ___*/s/ Craig Sanders*___
Craig Sanders, Esq. (CO Bar 45532)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 131864
*Attorneys for Plaintiff*